**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROSS MARKHAM PANARITES,**

    **Petitioner,**

**vs.**                                                           **CASE NO. 4:05CV397-MMP/AK**

**JAMES V. CROSBY, JR., et al.,**

    **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 6. Petitioner has paid the filing fee. Petitioner was ordered to file the amended petition because generally, a state prisoner, such as Petitioner, must attack his conviction under 28 U.S.C. § 2254; thus, "amendment [was] necessary to determine whether this cause is properly before this Court since § 2241 relief is available to a state prisoner only under very limited circumstances." Doc. 5.

Petitioner, who is presently in state custody in this district under a sentence imposed by the Circuit Court of Pinellas County, Florida, seeks to use § 2241 to challenge his conviction under an allegedly unconstitutional statute. Though § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). Where the petitioner is in fact "in custody pursuant to the judgment of a State court," such as instant Petitioner, his petition is subject to the additional requirements of § 2254, such as exhaustion and timeliness. *Id.* at 1062. Otherwise, § 2254 "would never be used or applied," *id.* at 1061, and "would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief." *Id.* at 1060-61.

In short, instant Petitioner, who is clearly in custody pursuant to a state court judgment, may not bypass the requirements of § 2254[1] and file a § 2241 petition simply because he has not yet received habeas corpus relief.

---

[1]The amended petition avers that Petitioner had sought and was denied § 2254 relief by the United States District Court for the Middle District of Florida. Doc. 6 at 2. This is only partially correct. A cursory review of Pacer shows that the Middle District did dismiss his prior petition for failure to exhaust. However, it also shows that Petitioner presently has another petition pending in that court which has been fully briefed and is awaiting decision. *See Panarites v. Secretary*, Cause No. 8:04cv2660-SCB-EAJ (M.D. Fla.).

**No. 4:05cv397-mmp/ak**

Accordingly, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **6th** day of January, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:05cv397-mmp/ak**